# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNIE HOWARD and CARDELL HARRIS,**

        **Plaintiffs,**

v.                                                            Case No:  6:20-cv-1339-Orl-31DCI

**WASTE PRO USA, INC and WASTE PRO OF LOUISANA, INC,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Waste Pro of Louisiana's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 25)** |
| **FILED:** | **September 28, 2020** |
| **THEREON** it is **RECOMMENDED** that the Motion (Doc. 25) be **GRANTED**. | |

### I.  Background

Bernie Howard and Cardell Harris (Plaintiffs) have filed an Amended Complaint against Waste Pro USA, Inc. (Waste Pro USA) and Waste Pro of Louisiana, Inc. (Waste Pro of Louisiana) seeking relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  Doc. 24.  Plaintiffs allege that they worked as helpers for Defendants and were paid a daily rate and worked at a location that had a policy to either pay a half-day rate or pay non-discretionary bonuses.  *Id*. at ¶¶ 1, 2. Plaintiffs claim that the helpers were paid overtime wages at a rate of half their regular rate rather

than a rate of time and a half the rate.  *Id*. at ¶ 2.  Plaintiffs allege that Defendant Waste Pro USA and Waste Pro Louisiana failed to pay Plaintiffs pursuant to the FLSA.  *Id*. at ¶ 3.

Pending before the Court is Defendant Waste Pro of Louisiana's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction filed under Federal Rule of Civil Procedure 12(b)(2). Doc. 25 (the Motion).  Plaintiffs have not filed a response and the time for doing so has elapsed.  The Motion is ripe for review.

## II.      Allegations Pertaining to Personal Jurisdiction

In relevant part, Plaintiffs allege that Defendants are subject to personal jurisdiction in Florida.  Doc. 24 at ¶ 8.  According to the Amended Complaint, Plaintiff Howard is a resident of Houma, Louisiana and Defendants employed him as a helper in Louisiana from approximately May 2017 through February 2018.  *Id*. at ¶¶ 14, 17.  Plaintiff Harris alleges that he is a resident of Gibson, Louisiana and Defendants employed him as a helper from approximately July 2016 to April 2017.  *Id*. at ¶¶ 21, 24.

Plaintiffs allege that Defendant Waste Pro of Louisiana is a subsidiary of Defendant Waste Pro USA and provides garbage and waste removal services throughout the state of Louisiana.  *Id*. at ¶¶ 29, 40.  Plaintiffs claim Defendant Waste Pro of Louisiana is a corporation organized and existing under the laws of the state of Louisiana and is licensed and registered to do business in Florida with its principal place of business in Longwood, Florida.  *Id*.  Plaintiffs also provide that Defendant Waste Pro of Louisiana filed documents with the Florida Secretary of State indicating that its principal place of business is in Longwood, Florida and its corporate officers are located in Longwood, Florida.  *Id*. at ¶ 11.

Plaintiffs also allege that Waste Pro USA provides human resources services and develops compensation, timekeeping, operational, and other policies and procedures for its subsidiaries,

including Defendant Waste Pro Louisiana, and both Defendants develop these policies and procedures in Longwood, Florida at the principal place of business. *Id.* at ¶ 91.

### III. Analysis

Defendant Waste Pro of Louisiana moves to dismiss Plaintiffs' case against it arguing that there is no personal jurisdiction under Florida's long-arm statute and the exercise of personal jurisdiction would violate due process requirements. Doc. 25. A federal court sitting in diversity undertakes a two-step inquiry in determining whether it can exercise personal jurisdiction over a nonresident defendant. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether the forum state's long-arm statute (here, Florida's statute) provides a sufficient basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Second, if the court finds that personal jurisdiction exists under Florida's long-arm statute, the court "must determine whether sufficient minimum contacts exist between the defendant[ ] and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation omitted).

A plaintiff claiming that a court has personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts in the complaint to establish a *prima facie* case of personal jurisdiction over the defendant. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A *prima facie* case is established if plaintiff alleges enough facts to withstand a motion for directed verdict or judgment as a matter of law. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). If the defendant challenges jurisdiction by submitting affidavits containing specific averments contradicting the plaintiff's allegations in support of

personal jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting the existence of personal jurisdiction. *United Techs.*, 556 F.3d at 1274.

### A. Florida's Long-Arm Jurisdiction

The reach of Florida's long-arm statute "is a question of Florida law," and, thus, the Court is required to apply the statute "as would the Florida Supreme Court." *United Techs.*, 556 F.3d at 1274. "Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Id*. "Florida's long-arm statute is to be strictly construed." *Sculptchair*, 94 F.3d at 627.

#### 1. Specific Jurisdiction

Without the benefit of a response to the Motion to Dismiss, it appears from the Amended Complaint that Plaintiffs contend personal jurisdiction exists over Defendant Waste Pro of Louisiana because it is licensed and registered to do business in Florida with its principal place of business and its corporate officers located in Longwood, Florida. Doc. 24 at ¶¶ 11, 29. As Defendant Waste Pro of Louisiana points out, Plaintiffs do not specify a provision of Florida's long-arm statute that would provide for specific jurisdiction. The allegations, however, pertaining to the location of Defendant Waste Pro of Louisiana's place of business and registration implicate Florida Statutes section 48.193(1)(a)(1). Doc. 25 at 8. Section 48.193(1)(a)(1), states:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

*Id*.

"In order to establish that a defendant is carrying on business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (internal quotations omitted). This analysis involves the consideration of several non-dispositive factors, including: 1) the presence and operation of an office in Florida; 2) the possession and maintenance of a license to do business in Florida; 3) the number of Florida clients served; and 4) the percentage of overall revenue gleaned from Florida clients. *Id*. Further, there must be some nexus or connection between the claims asserted against defendant and the business defendant conducts in Florida. *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 971 (11th Cir. 1986).

Here, Plaintiffs claim that Defendants' business is a "top-down operation controlled by Defendants' corporate officers and high-ranking employees located in their principal place of business in Longwood, Florida." *Id*. at ¶ 47. Plaintiffs also allege that Waste Pro USA provides human resources services and develops compensation, timekeeping, operational, and other policies and procedures for its subsidiaries, including Defendant Waste Pro Louisiana, and both Defendants develop these policies and procedures in Longwood, Florida at the principal place of business. *Id*. at ¶ 91. As such, it appears that Plaintiffs contend that since this activity occurs in Florida, which is the location of the principal place of business, specific jurisdiction exists.

The undersigned is not persuaded. Defendant Waste Pro of Louisiana challenges specific jurisdiction asserting that Plaintiffs' claims do not arise from the corporation having an office in Florida and there is no direct nexus between the cause of action and the activities within the state. Doc. 25 at 8, citing *Harris Corp.*, 2007 WL 2900246, at *3. In support of the Motion, Defendant Waste Pro of Louisiana has submitted Jessie Murphy, Divisional Vice President's Declaration (the

Declaration). Doc. 25-1. Mr. Murphy functions as the Chief Executive Officer of Waste Pro Louisiana, and he is responsible for all aspects of the company's operations and finances. *Id*. at ¶ 2, 5. Mr. Murphy declares the following:

1. Waste Pro of Louisiana provides solid waste and recyclables collection and disposal services to municipalities, businesses, and other customers in Louisiana. *Id*. at ¶ 3.

2. Waste Pro of Louisiana operates facilities in New Orleans, Baton Rouge/Geismar, and Houma, Louisiana. *Id*. at ¶ 2.

3. Waste Pro of Louisiana does not provide any services to any municipalities, businesses, or other customers in Florida, and it has never done so. *Id*. at ¶ 16.

4. Waste Pro of Louisiana has never solicited any customers or potential customers in Florida. *Id*. at ¶ 17.

5. Waste Pro of Louisiana does not own any real or personal property in Florida. *Id*. at ¶ 18.

6. Waste Pro of Louisiana has never operated any facilities in Florida. *Id*. at ¶ 19.

7. Waste Pro of Louisiana does not have any bank accounts in Florida. *Id*. at ¶ 20.

8. Waste Pro of Louisiana has not paid, or been required to pay, any taxes in Florida. *Id*. at ¶ 21.

9. Mr. Murphy has accounting, operational, safety, and human resource personnel to assist him at the local level and the separate divisions have a division manager who manages the day-to-day operations and reports directly to Mr. Murphy. *Id*. at ¶5.

10. The division managers determine how many helpers are needed, who to hire, how they will be paid, how to train and evaluate helpers, and when to discipline and terminate

them. All of these decisions are made in Louisiana without any involvement from Waste Pro USA or any individual in the State of Florida. *Id*. at ¶ 6.

11. Whether a helper is paid a day rate, a job rate, or an hourly rate is also determined by the division manager. Waste Pro USA does not require or decide whether helpers employed by Waste Pro of Louisiana are paid hourly or with a job or day rate. *Id*. at ¶ 7.

12. Whether a helper is entitled to receive any bonuses is also decided at the local level in Louisiana, without any involvement by Waste Pro USA. *Id*. at ¶ 8.

13. The number of hours worked by helpers each day depends on the route assigned to the helper by the Route Supervisor or Route Manager. The collection routes are determined and assigned entirely at the division level, without any involvement by Waste Pro USA. The number of days worked each week by helpers is also determined at the division level, depending on the requirements of the municipal contracts. *Id*. at ¶ 9.

14. Payroll for all employees, including helpers, is handled by the human resources department of Waste Pro Louisiana. Waste Pro USA only ensures that payroll information is timely submitted for processing by ADP. *Id*. at ¶ 13.

15. According to the Louisiana Secretary of State's records, Waste Pro Louisiana's "principal office" is listed as being in Longwood, Florida, at the same address as the headquarters of the parent company, Waste Pro USA. It is Mr. Murphy's understanding that Waste Pro Louisiana's principal office was listed as such so that important mail and other items addressed to Waste Pro Louisiana would be received by Waste Pro USA at a central location and then routed to Waste Pro of Louisiana. *Id*. at ¶ 22.

> 16. The Longwood, Florida address listed as the "principal office" is not where decisions are made regarding Waste Pro of Louisiana's operations, including any of its pay practices related to helpers. *Id.* at ¶ 23.

Doc. 25-1.

So, while Defendant Waste Pro of Louisiana lists Longwood, Florida as the location for the "principal office" and it has a registered agent within the state,[1] the Declaration demonstrates that it does not own property or operate any facility within Florida. Doc. 25-1 at ¶¶ 18-19. Also, there is no evidence or allegations overall regarding the number of clients served or concerning any revenue Defendant Waste Pro of Louisiana has received from Florida clients presumably because Mr. Murphy declares that the company has never performed any services for any customers in Florida nor has it solicited any customers or potential customers within the state. *Id.* at ¶¶ 16-17. The evidence provided by Mr. Murphy on behalf of Defendant coupled with the lack of evidence or opposition from Plaintiffs leads the undersigned to the conclusion that Waste Pro of Louisiana does not conduct business in Florida to the extent required to satisfy section 28.193(1)(a)(1).

Even if the Court were to find that Defendant Waste Pro of Louisiana conducted business in Florida, Plaintiffs have failed to demonstrate any connection between their FLSA claims and the business. Defendant Waste Pro of Louisiana argues, without opposition, that its decision to receive process and important mail at the Florida office does not have any bearing on Plaintiffs' claims. Doc. 25 at 9. Indeed, Plaintiffs allege that Defendant Waste Pro Louisiana violated the FLSA by "not paying a true day rate as Defendants required a certain number of hours to be worked on a given day in order to pay the full day's wage" and by paying only half-time for overtime hours.

---

[1] Mr. Murphy does not specifically state that Defendant Waste Pro of Florida has a registered agent (*see* Doc. 25-1), but the Defendant apparently concedes this fact by stating that it is so in the Motion. Doc. 25 at 9.

Doc. 24 at ¶¶ 64. Plaintiffs also allege that Defendant's non-discretionary compensation practices were unlawful. *Id*.

Contrary to the allegations in the Amended Complaint, Defendant Waste Pro of Louisiana contends, and the undersigned agrees, that the Declaration reflects that the company determined and administered all aspects of Plaintiffs' compensation in Louisiana. Mr. Murphy provides that the principal office is not where decisions regarding pay practices occurs and payroll is handled in Louisiana. Doc. 25-1 at ¶¶ 13, 23. The decision on how the helpers, who include Plaintiffs, are paid happens in Louisiana without any involvement from the individuals in Florida. *Id*. at ¶ 6. Plaintiffs do not oppose these statements.

Accordingly, even though the principal office is in Florida, the evidence before the Court establishes that there is no connection between the cause of action under the FLSA and the business within the state. *See Stroms v. Haugland Energy Grp., LLC*, 2018 U.S. Dist. LEXIS 141122, at *18 (S.D. Fla. Aug. 17, 2018), *rep. and recommendation adopted by*, 2018 U.S. Dist. LEXIS 156503 (S.D. Fla. 2018) (finding that the cause of action could not have a nexus to the defendant's Florida office during the relevant time period and, absent a nexus, there was no specific jurisdiction.). Again, Plaintiffs have not responded to the Motion and, therefore, Defendant's argument is deemed unopposed.

In light of the foregoing, the undersigned recommends that the Court find that the Plaintiffs have failed to demonstrate that the Court has specific personal jurisdiction over Defendant Waste Pro of Louisiana pursuant to section 48.193(1)(a)(1).

### 2. General Jurisdiction

Defendant Waste Pro of Louisiana also argues that the Court does not have personal jurisdiction over it pursuant to the general jurisdiction provision of the Florida long-arm statute. Doc. 25 at 10-11.

The general jurisdiction provision of the Florida long-arm statute states:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2). This provision provides personal jurisdiction over a defendant who is engaged in "substantial and not isolated activity" within Florida whether or not the claim against defendant arises from that activity. *Snow*, 450 F.3d at 1318. The requirement that the defendant be engaged in "substantial and not isolated activity" within Florida has been interpreted by Florida courts to mean "continuous and systematic general business contact" with Florida, a term used by the Supreme Court in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) to determine whether general jurisdiction was permissible under the Due Process Clause. *Id*. at 1318-19 (citing *Woods v. Nova Cos. Belize Ltd.*, 739 So.2d 617, 620 (Fla. 4th DCA 1999)). Thus, "the reach of [section 48.193(2)] extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citing *Woods*, 739 So.2d at 620). An exercise of general jurisdiction comports with due process when a defendant's contacts with Florida are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)); *see Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009) (explaining that in order for a defendant to fall within Florida's general jurisdiction, a

defendant's contacts "must be so extensive to be tantamount to [the] defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world.").

Further, ["t]here are a limited set of affiliations with a forum that will render a defendant corporation amenable to general jurisdiction, such as the forum being the defendant's place of incorporation or principal place of business." *Storms*, 2018 U.S. Dist. LEXIS, at \*12 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (a corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums.")). "Otherwise, to create general jurisdiction, the corporation's affiliations with the state must be so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. at \*13.

Without more, Plaintiffs allege that both Defendants maintain their "principal places of business" in Florida, Defendant Waste Pro of Louisiana develops policy in Florida, and Defendant Waste Pro of Louisiana's corporate officers are located in Longwood, Florida. Doc. 24 at ¶¶ 9, 11, 47, and 91. Plaintiffs do not explain further in the pleading what the substantial or "not isolated activity" is in Florida. *See* Doc. 24.

The undersigned is not convinced that general personal jurisdiction of Defendant Waste Pro of Louisiana has been demonstrated. As stated, a corporation is subject to general jurisdiction in the state where it has its principal place of business. A corporation's principal place of business is:

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

There are insufficient facts in the Amended Complaint and no opposition to the Motion to support Plaintiffs' contention that Florida is in fact the "principal place of business." The unopposed Declaration provides that Defendant Waste Pro of Louisiana only lists Longwood, Florida as its "principal office" in the Louisiana Secretary of State's records. Doc. 25-1 at ¶ 22. A foreign corporation that transacts business in Florida must apply for a certificate of authority from the Department of State. Fla. Stat. § 607.1503(1). The application must include the principal office and the mailing address of the foreign corporation, the names and usual business addresses of its current directors and officers, and the name and street address of the foreign corporation's initial registered agent in this state. Fla. Stat. § 607.1503(1)(d)-(f). Similarly, the corporation authorized to transact business in Florida is required to set forth the address of its principal office and the mailing address of the corporation. Fla. Stat.§ 607.1622(1)(c). The term "principal office" is defined as "the office (in or out of this state) where the principal executive offices of a domestic or foreign corporation are located as designated in the articles of incorporation or other initial filing until an annual report has been filed, and thereafter as designated in the annual report." Fla. Stat. § 607.01401(57).

A "principal office" is different from "principal place of business." Defendant has submitted the Declaration which reflects that all of Waste Pro of Louisiana's decisions on the operations and policy are made in Louisiana. Any determination regarding hiring, firing, pay, training, number of hours worked, and the collection routes is not made in Florida. Doc. 25-1 at ¶¶ 2-11. Plaintiffs do not offer evidence establishing that Florida is Defendant Waste Pro of Louisiana's "nerve center" nor do they challenge Defendant's contention that Florida is not the principal place of business. Plaintiffs provide no other allegations about the Longwood, Florida location other than to

summarily call it the "principal place of business." The undersigned finds the fact that Defendant Waste Pro of Louisiana lists its "principal office" in Longwood, Florida is not sufficient to create general personal jurisdiction.

The undersigned notes that Defendant Waste Pro of Louisiana admits that it is registered to do business in Florida as a foreign corporation and maintains a registered agent in Florida. Doc. 25 at 10. That fact, however, still does not create general personal jurisdiction. Florida law requires that "[e]ach foreign corporation authorized to transact business in this state must continuously maintain in this state: (a) a registered office that may be the same as any of its places of business; and (b) a registered agent." Fla. Stat. § 607.1507.

The Eleventh Circuit has held that "[t]he casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (quoting *International Shoe*, 326 U.S. at 317); *see also Sofrar, S.A. v. Graham Engineering Corporation*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999) (finding no general jurisdiction existed for defendants who merely appointed an agent for service of process and were registered to do business in the state).

Finally, Plaintiffs specifically allege in the Amended Complaint that Defendant Waste Pro of Louisiana provides garbage and waste removal services throughout the state of Louisiana. Doc. 24 at ¶ 29. Plaintiffs do not refute Mr. Murphy's statements regarding Waste Pro of Louisiana's lack of affiliations with Florida and do not oppose Defendant's position that its activity is not so continuous and systematic as to render it "at home" in Florida.

Accordingly, the undersigned recommends that the evidence and the lack of response supports a finding that general personal jurisdiction over Defendant Waste Pro of Louisiana does not exist.

### B. Due Process

The lack of specific or general jurisdiction over Defendant Waste Pro of Louisiana ends the Court's personal jurisdiction inquiry. As such, the Court need not reach the due process inquiry. *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp.3d 1312, 1327 (M.D. Fla. 2017) (citing *Mazer*, 556 F.3d at 1275 n.15). Nevertheless, because this is a Report and Recommendation and the due process inquiry may factor into the Court's analysis of any objections, the undersigned will briefly address whether exercising personal jurisdiction over the Defendant would offend the Due Process Clause of the Fourteenth Amendment.

The due process analysis involves a two-part inquiry: the Court first considers whether the defendant engaged in minimum contacts with the state of Florida and then considers whether the exercise of personal jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *Madara v. Hall*, 916 F.2d 1510, 1515-16 (11th Cir. 1990).

First, Defendant Waste Pro of Louisiana does not have sufficient minimum contacts with Florida for the reasons already discussed in the foregoing section of this Report. To possess minimum contacts with a forum state, a defendant must have performed "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" with the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotations and citations omitted).

The uncontroverted evidence presented by Defendant Waste Pro of Louisiana establishes that the company provides solid waste and recyclables collection and disposal services in Louisiana, it has never performed any services for any municipalities, businesses, or other customers in

Florida, nor has it operated a facility within this state. All decisions regarding operations including those giving rise to the claims in this action occur in Louisiana. Doc. 25-1 at ¶¶ 6, 16, 17, 19, 23. The only purposeful contact the Defendant has with Florida according to the evidence is its registration to do business and its listing of a principal office. The undersigned agrees with Defendant Waste Pro of Louisiana that it did not purposefully avail itself based on the evidence.

Second, the exercise of personal jurisdiction over Defendant Waste Pro of Louisiana would offend traditional notions of fair play and substantial justice. The undersigned considers the following factors in determining whether exercising personal jurisdiction over a defendant would comport with traditional notions of fair play and substantial justice: 1) the burden on the defendant; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000) (citing *Burger King*, 471 U.S. at 466).

Again, there is no opposition to Defendant Waste Pro of Louisiana's argument that being forced to defend against Plaintiffs' claims would impose an undue burden because all of the relevant witnesses are not in Florida. Further, the Defendant's contention that Florida has no interest in adjudicating a dispute between Plaintiffs who reside and were employed in Louisiana against a Louisiana corporation remains unrefuted along with their position that Plaintiffs have no prevailing interest in obtaining relief in Florida. Doc. 25. Accordingly, it appears that Plaintiffs' lack of argument means that they concede that exercising personal jurisdiction over Defendant Waste Pro of Louisiana would offend traditional notions of fair play and substantial justice.

Based on the foregoing, the undersigned finds that based on the unopposed argument and evidence there are not sufficient minimum contacts between Defendant Waste Pro of Louisiana and Florida so as to satisfy traditional notions of fair play and substantial justice.

### IV.    Conclusion

In sum, the undersigned recommends that Defendant Waste Pro of Louisiana's Unopposed Motion to Dismiss (Doc. 25) be granted and the claims against it be dismissed for lack of personal jurisdiction.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on November 30, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties